Opinion by
Watts, J.
§ 290. Garnishment; nature of the process; jurisdiction of justice of the peace to issue on judgment exceeding two hundred dollars. Erwin had a judgment against one Tiedaman, upon which he sued out a garnishment *222 against the city of Austin. The judgment was for $209 and interest. The city of Austin answered, denying indebtedness to Tiedaman, etc. Erwin controverted the answer. In the justice’s court Erwin obtained judgment against the city for $248.47. The city appealed, and in the county court Erwin obtained judgment for $200, and also for all costs in both courts. Held, that the justice of the peace had the power to issue the writ of garnishment. [W. & W. Con. Rep. p. 584.] The process of garnishment is an ancillary writ in the nature of an execution to aid in securing the fruits of the judgment. It is not a suit upon the judgment, but merely process fox carrying it into execution. There is no pretense but what the writ could have been issued by the justice, pending the original cause. Then, can it be rightfully said, because the interest on the claim, when it enters into a judgment rightfully rendered, makes the claim-amount to more than $200, that therefore the court rendering the judgment is deprived of all power to have it executed? We think not. Whenever a court has the jurisdiction or power to render a judgment, it necessarily follows that it has the power to issue all ancillary process necessary to secure the fruits of the j udgment, provided the exercise of such power is not in some way restrained by law.
§ 291. Variance'between proof and allegation; cannot be availed of, when. There was no error in admitting, the certified copy of the judgment in favor of Erwin against Tiedaman. Appellant having set up that judgment in its answer, it is in no position to claim that it was surprised or injured by reason of any variance between the description of the judgment given in the affidavit, and the judgment offered in evidence. Whatever defects there might have been in the affidavit in that particular were fully cured by the averments of appellant’s answer, and tho exhibits thereto attached.
§ 292. Estoppel. It appears that the city authorities-not only recognized the debt of the city to Tiedaman, but *223 also drew warrants in his favor, and upon his order for the same, after the service of the writ of garnishment. Having recognized and paid 'the debt by the issuance of warrants, the city will not be heard to deny the existence of such debt, and in that way avoid liability.
April 28, 1884.
§ 298. Costs; judgment for, on appeal from justice's court. While the statute provides that when a cause is removed into the district or county court, by .appeal or certiorari, and, upon a trial de novo, the judgment against the party so removing the cause is for a less amount than the judgment rendered against him in the court below, then he shall recover the costs of the court above; nevertheless, it is also provided that, for good cause entered of record, the court may otherwise adjudge the costs. [R. S. arts. 1433, 1434.] In this case the cause stated in the record was held sufficient to authorize the judgment awarding all the costs against appellant.
Affirmed.